# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL RODRIGUEZ-BELECHE,<br><br>Defendant. | 2:08-CR-177 JCM (LRL)<br><br>Date:  N/A<br>Time:  N/A |
|---|---|

# ORDER

Presently before the court is the defendant Angel Rodriguez-Beleche's ("Mr. Rodriguez") motion to dismiss his indictment. (Doc. #18). The government's response was due on November 28, 2008, but was not filed. On December 24th, 2008, U.S. Magistrate Judge Lawrence R. Leavitt recommended that Mr. Rodriguez' motion to dismiss be granted. (Doc. #19).

On June 11, 2008, the United States filed a one-count criminal indictment charging Mr. Rodriguez with unlawful reentry of a deported alien, a violation of 8 U.S.C. § 1326. Mr. Rodriguez was previously deported and removed from the United States on four separate occasions: October 28, 2004, November 4, 2004, February 24, 2005, and May 25, 2006. Mr. Rodriguez argues that he was denied proper judicial review during the previous removal hearings because neither immigration judge advised Mr. Rodriguez that a fast-track voluntary departure was available to him. As a result, Mr. Rodriguez contends that the resulting removal orders were unlawfully obtained, and, therefore, the subsequent physical removals cannot be used against him in the current prosecution.

**James C. Mahan**
**U.S. District Judge**

Nevada Local Rule of Criminal Practice LCR 47-9 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion *shall* constitute a consent to the granting of the motion." LCR 47-9 (emphasis added). However, failure to file an opposition to a motion to dismiss is not a cause for automatic dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

Here, the first two factors - the public's interest in expeditious resolution of litigation and the court's need to manage its docket - favor dismissal of the indictment against Mr. Rodriguez. Additionally, a dismissal posses no risk of prejudice to either the defendant, Mr. Rodriguez or to the United States and, therefore, the third factor also weighs towards dismissal. Furthermore, the fifth factor requiring the court to consider "the availability of less drastic sanctions" is inapplicable because granting Mr. Rodriguez' motion to dismiss is a less drastic sanction. Finally, the fourth factor - the public policy favoring disposition of cases on their merits - weighs in Mr. Rodriguez' favor because dismissal of the indictment is warranted.

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack a previous removal order because the removal order serves as a predicate element of the current offense. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). Furthermore, when a defendant is criminally charged under 8 U.S.C.A. § 1326, "the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). To sustain a collateral attack under § 1326(d), a defendant must demonstrate that: (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. *See* 8 U.S.C. §

1   1326(d). Here, all three requirements are satisfied.

2   First, Mr. Rodriguez is exempted from the "exhaustion" and "deprivation" requirements
3   of 8 U.S.C. § 1326(d). *See* 8 U.S.C. §§ 1326(d)(1), (2). An alien is barred under 8 U.S.C. §
4   1326(d) from collaterally attacking his underlying removal order "if he validly waived the right
5   to appeal that order during the deportation proceedings." *United States v. Muro-Inclan*, 249 F.3d
6   1180, 1182 (9th Cir.2001). However, the exhaustion requirement of 8 U.S.C. § 1326(d) "cannot
7   bar collateral review of a deportation proceeding when the waiver of right to an administrative
8   appeal did not comport with due process." *Id.* at 1183-84. A waiver of the right to appeal a
9   removal order does not "comport with due process" when it is not "considered and intelligent."
10  *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987). A waiver is not "considered and
11  intelligent" when "the record contains an inference that the petitioner is eligible for relief from
12  deportation," but the Immigration Judge fails to "advise the alien of this possibility and give him
13  the opportunity to develop the issue." *Moran-Enriquez v. INS*, 884 F.2d 420, 422-23 (9th
14  Cir.1989).

15  Here, Mr. Rodriguez was never advised that he may have been eligible for voluntary
16  departure. Under 8 U.S.C.A. § 1229c, an alien is eligible for voluntary departure from the United
17  States at his own expense, unless the alien has been convicted of aggravated felony at any time
18  after admission (8 U.S.C.A. § 1227(a)(2)(A)(iii)) or has engaged in terrorist activities (8
19  U.S.C.A. § 1227(a)(4)(B)). Mr. Rodriguez has never been convicted of an aggravated felony or
20  has engaged in terrorist activities. Therefore, Mr. Rodriguez' waiver of appeal was not
21  "considered and intelligent" and he is exempt from the "exhaustion" and "deprivation"
22  requirements of 8 U.S.C. § 1326(d).

23  Second, Mr. Rodriguez' underlying removal orders were "fundamentally unfair." An
24  underlying removal order is "fundamentally unfair" if: "(1) [the defendant's] due process rights
25  were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice
26  as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir.
27  2004). INS regulations require that a person facing deportation be advised of the possibility for
28

**James C. Mahan**
**U.S. District Judge**

1  relief from deportation. *See* 8 C.F.R. § 240.11(a)(2). Failure to inform the alien of a possible
2  relief is a denial of due process that invalidates the underlying deportation proceeding. *United*
3  *States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). To establish prejudice, a defendant does
4  not have to show that he actually would have been granted the relief; rather, a defendant must
5  only show that he had a "plausible" ground for relief from deportation. *Id.* at 1079.
6      Here, Mr. Rodriguez' due process rights have been violated because he was eligible for
7  fast-track voluntary departure, but the Immigration Judges failed to advise Mr. Rodriguez of this
8  possible relief. Additionally, Mr. Rodriguez suffered prejudice as a result of the due process
9  violations in his removal hearings.
10     The removal orders were invalid and, as such, the prior deportations cannot be used as an
11 element of the current indictment against Mr. Rodriguez. Therefore,
12     UPON CONSIDERATION of defendant's motion (Doc. #18), and the prior papers and
13 pleadings on file in this matter,
14     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Mr.
15 Rodriguez' motion to dismiss based on prior unlawful deportation (Doc. #18) is GRANTED.
16     DATED this 2nd day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -